Charles H. **BERRY**, Jerald S. Reynolds and Jesse L. Carter, Jr., Plaintiffs,

v.

**STEVINSON CHEVROLET**, a Colorado corporation, Stevinson Toyota, a Colorado corporation and Stevinson Toyota East, Inc. d/b/a Mark Toyota, a Colorado corporation and Charles Stevinson, individually, Defendants.

Civ. A. No. 90–B–916.

United States District Court, D. Colorado.

Sept. 12, 1990.

Lynn D. Feiger, Madeline A. Collison, Feiger, Collison & Killmer, Denver, Colo., for plaintiffs.

John M. Husband, Gregory A. Eurich, Brian M. Mumaugh, Holland & Hart, Denver, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

Before me are two motions: (1) defendant's motion to dismiss plaintiffs' pendent state claims and (2) defendant's motion for summary judgment on all claims of plaintiff Jesse L. Carter (Carter). These matters have been thoroughly briefed and oral argument will not materially assist me.

Plaintiffs, all black males, allege: (a) race discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, against all defendants; (b) intentional interference with contractual relations against defendant Charles Stevinson; (c) intentional interference with prospective business advantage against defendant Charles Stevinson; and (d) outrageous conduct against all defendants. In addition, plaintiff Berry asserts a violation of 42 U.S.C. § 1981 against defendants Stevinson Chevrolet and Charles Stevinson. For the reasons set forth below, defendants' motion to dismiss plaintiffs' pendent state law claims is granted, but defendants' motion for summary judgment on all claims of plaintiff Carter is denied.

## I.

Under *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), federal district courts may hear pendent state law claims. The Tenth Circuit has held that a district court may hear these claims as part of a Title VII action. *Jones v. Intermountain Power Project*, 794 F.2d 546 (10th Cir.1986).

However, although a district court has the power to hear pendent state law claims in a Title VII action, "[t]hat power need not be exercised in every case in which it is found to exist. It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right." *Gibbs*, 383 U.S. at 726, 86 S.Ct. at 1139.

■ There are a number of factors that a court should consider in deciding whether to hear pendent state law claims. These include considerations of judicial economy, convenience and fairness to the litigants, and whether it appears that the state law claims predominate. *Gibbs*, 383 U.S. at 726, 86 S.Ct. at 1139; *Jones*, 794 F.2d at 550. Based on these factors, I decline to hear plaintiffs' state law claims.

■ Pendant jurisdiction is generally unwarranted over state law claims in Title VII actions. *See Malekian v. Pottery Club of Aurora, Inc.*, 724 F.Supp. 1279, 1281–82 (D.Colo.1989). Because Title VII actions are tried to the Court and the state claims are typically tried before a jury, trying the two claims together tends toward jury confusion. *Id.*

Moreover, the state claims predominate in this case. "Proof of the state claims would require not only the evidence required for the Title VII claims, but also substantial additional evidence regarding the nature of plaintiff[s'] employment contract[s], ... and how defendant[s'] action[s] have caused and will cause ... financial loss other than loss of backpay and benefits." *Mongeon v. Shellcraft Industries, Inc.*, 590 F.Supp. 956, 961 (D.Vt.1984) (dismissing pendent state law claims in a Title VII action as an exercise of discretion).

Title VII provides a prompt and effective remedy for employment discrimination. *See, e.g., Garrison v. United States*, 688 F.Supp. 1469, 1477 n. 9 (D.Nev.1988) (dismissing state claims pendent to Title VII action in exercise of court's discretion). The predominate state law claims frustrate this worthy goal by rendering exceedingly complex that which is otherwise clear and simple.

Plaintiffs argue that the Tenth Circuit's opinion in *Jones* requires that I exercise pendent jurisdiction over the state law claims. I disagree. *Jones* merely held that the district court had power to hear the pendent state law claims and that the district court did not abuse its discretion in exercising that power. *Jones* did not hold that a district court must exercise its discretion to hear pendent state law claims.

Moreover, the holding in *Jones* rests in significant part on the Court's concern that Title VII actions could not be brought in state court; thus, all the claims could be tried together only in federal court. 794 F.2d at 552–53. The Supreme Court's recent decision in *Yellow Freight System, Inc. v. Donnelly*, —— U.S. ——, 110 S.Ct. 1566, 108 L.Ed.2d 834 (1990), eliminates this concern by its holding that Title VII cases can be brought in state as well as federal courts. Unlike *Jones*, "[w]e are ... faced with a situation where 'the efficiency [that] plaintiff seeks so avidly is available without question in the state courts.'" *Jones*, 794 F.2d at 553 (quoting *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 376, 98 S.Ct. 2396, 2404, 57 L.Ed.2d 274 (1978)).

## II.

■ Defendants also seek summary judgment against Carter on all claims. Because I dismiss his pendent state claims, the only issue before me is whether to grant summary judgment on his Title VII claim. Defendants argue that, as a matter of law, Carter's Title VII claim is time barred under 42 U.S.C. § 2000e–5(f)(1). Carter argues that the time limit should be equitably tolled because he never received notice of his right to sue from the EEOC.

Federal Rule of Civil Procedure 56 provides that summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon

motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Lujan v. National Wildlife Federation,* — U.S. —, 110 S.Ct. 3177, 3186, 111 L.Ed.2d 695 (1990) (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986)).

Title VII provides that the EEOC shall notify a person who files a complaint of his right to sue. 42 U.S.C. § 2000e–5(f)(1) provides that "within ninety days after the giving of such notice, a civil action may be brought...." This filing period "is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982). Equitable "tolling may be appropriate when a plaintiff has been 'lulled into inaction by [the] past employer, state or federal agencies, or the courts.'" *Gonzalez–Aller Balseyro v. GTE Lenkurt, Inc.,* 702 F.2d 857 (10th Cir.1983) (quoting *Carlile v. South Routt School District RE 3–J,* 652 F.2d 981, 986 (10th Cir.1981)).

Here, Carter filed a timely claim with the EEOC on July 1, 1987. The EEOC sent by certified mail its right-to-sue letter on June 6, 1988. The letter was never delivered to Carter, but instead was returned to the EEOC. Defendants assert that the letter was sent to the address that Carter had supplied to the EEOC. Carter disputes this assertion.

Carter's address of record with the EEOC is:

Jesse L. Carter
6165 E. Iliff Ave., # 419–E
Denver, CO 80222

This was the address listed on the right-to-sue letter, which was sent in an "window-style" envelope. However, the address found on the receipt of certified mail is:

Jesse L. Carter
6165 E. Iliff # 419E
Denver, CO

The latter address omits the word "Avenue," and Carter argues that for that reason he never received notice of his right to sue.

Carter has shown that Denver includes not only an Iliff Avenue, but also an Iliff Drive, an Iliff Lane, and an Iliff Place. Like Iliff Avenue, Iliff Place is divided into East and West. Carter also points out that the address found on the receipt for certified mail contains no zip code and that the various Iliffs have numerous different zip codes. Carter has by affidavit sworn that he never received notice of his right to sue, and that he was never aware of attempts to reach him by certified mail.

I conclude that a genuine issue of material fact exists as to whether the right-to-sue letter was sent to Carter's correct address and as to whether Carter received notice of the attempts to reach him by certified mail. Without deciding the issue on its merits, if Carter was unaware of the EEOC's determinations of his right to sue he may rely on the doctrine of equitable tolling.

Accordingly, it is ORDERED that defendants' motion to dismiss plaintiffs' pendent state law claims is GRANTED without prejudice.

It is FURTHER ORDERED that defendants' motion to dismiss all claims of plaintiff Carter is DENIED.