Charles H. **BERRY**, Jerald S. Reynolds and Jesse L. Carter, Jr., Plaintiffs,

v.

**STEVINSON CHEVROLET**, a Colorado corporation, Stevinson Toyota, a Colorado corporation, and Stevinson Toyota East, Inc. d/b/a Mark Toyota, a Colorado corporation, and Charles Stevinson, individually, Defendants.

**Civ. A. No. 90–B–916.**

United States District Court,
D. Colorado.

Jan. 30, 1991.

Lynn D. Feiger, Madeline A. Collison, Feiger, Collison & Killmer, Denver, Colo., for plaintiffs.

John M. Husband, Gregory A. Eurich, Brian M. Mumaugh, Holland & Hart, Denver, Colo., for Stevinson Chev., Stevinson Toyota, Mark Toyota.

Kathryn E. Miller, Miller & Leher, Littleton, Colo., for Charles Stevinson.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

By previous order in this Title VII case, I dismissed without prejudice plaintiffs' pendent state law claims based on the discretionary authority of district courts to refuse to hear such claims. *Berry v. Stevinson Chevrolet*, 744 F.Supp. 1034, 1035–36 (D.Colo.1990). Before me now is plaintiffs' motion for reconsideration. For the reasons stated below, this motion is denied.

Plaintiffs argue that the recent decision of *Shaoul v. Goodyear Tire & Rubber, Inc.*, XIV Brief Times Rep. 1666 (Colo.App. Dec. 20, 1990), creates an "irreconcilable conflict" between the Colorado Court of Appeals and this Court. I cannot agree.

In *Shaoul*, the plaintiff filed a complaint in State district court alleging breach of implied contract, wrongful discharge, and discrimination in violation of 42 U.S.C. § 1981. One week later, plaintiff filed a Title VII action in federal district court containing the same factual allegations as the state court action. When the federal district court dismissed the Title VII action with prejudice, the state district court action was dismissed based on claim preclusion. The Colorado Court of Appeals affirmed. "[P]laintiff may not divide his claim based on speculation that the federal court would decline to exercise pendent jurisdiction in the Title VII case." *Id.* at 1668.

There is no conflict between *Shaoul* and my refusal to hear plaintiffs' pendent state law claims. In *Shaoul*, the federal court did not decide whether it would exercise pendent jurisdiction over the state law claims. The court of appeals held that, "[a]ny doubts concerning the federal court's exercise of pendent jurisdiction should be resolved in favor of joinder." *Id.* However, as *Shaoul* recognizes, when a federal district court expressly refuses to exercise its discretion to hear state claims pendent to a Title VII action, "then 'the state claims [are] dismissed without prejudice and left for resolution to state tribunals.'" *Id.* (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726–27, 86 S.Ct. 1130, 1139–40, 16 L.Ed.2d 218 (1966)). Thus, as *Shaoul* acknowledges, in cases such as this where plaintiffs' state claims were dismissed without prejudice, plaintiffs are free to pursue their state claims is state court. I see no conflict.

Plaintiffs also argue that if I decline to exercise pendent jurisdiction of their state law claims, then under the *Shaoul* analysis they will be barred from litigating these claims based on claim preclusion. I disagree.

As discussed above, *Shaoul* contemplates that if a federal court dismisses pendent state claims without prejudice then those claims "are left for resolution to the state tribunals." Claim preclusion will not bar plaintiffs from litigating their state law claims in a subsequent action. Restatement (Second) of Judgments, § 26(1)(b) & comment b (1982).

Accordingly, it is ORDERED that plaintiffs' motion for reconsideration is DENIED.