Charles H. BERRY, Jerald S. Reynolds, and Jesse L. Carter, Jr., Plaintiffs,

v.

STEVINSON CHEVROLET, a Colorado corporation, Stevinson Toyota, a Colorado corporation, Stevinson Toyota East, Inc. d/b/a Mark Toyota, a Colorado corporation, and Charles Stevinson, individually, Defendants.

Civ. A. No. 90–B–916.

United States District Court, D. Colorado.

Aug. 19, 1993.

Darold W. Killmer, Gilbert M. Roman, Feiger, Collison & Killmer, Denver, CO, for plaintiffs.

John M. Husband, Gregory A. Eurich, Brian M. Mumaugh, Holland & Hart, H. Alan Dill, Dill, Dill, Carr & Stonbraker, Denver, CO, for defendants.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

This matter is before me on: (1) plaintiff Jerald S. Reynolds' (Reynolds) motion for reconsideration of certain findings of fact and conclusions of law under Fed.R.Civ.P. 60(b); (2) Reynolds' and plaintiff Charles H. Berry's (Berry) motion for prejudgment interest; and (3) Reynolds' and Berry's motion to amend the complaint to conform to the evidence presented at trial. The motions have been briefed fully and oral argument is unnecessary. Each motion is denied.

### I.

Reynolds urges me to reconsider my finding that defendants Stevinson Toyota West (Toyota West) and Charles Stevinson (Stevinson) did not maliciously, willfully, and in gross disregard of Reynolds' rights retaliate against him for filing a discrimination complaint. On September 24, 1992 I entered findings of fact, conclusions of law, and a memorandum opinion and order finding in favor of Reynolds on his Title VII retaliation claim against Toyota West and Stevinson. *Berry v. Stevinson Chevrolet*, 804 F.Supp. 121 (D.Colo.1992). I, however, found that this retaliation was not malicious, willful, and in gross disregard of Reynolds' rights. *Berry*, 804 F.Supp. at 137. Therefore, I assessed no punitive damages against Toyota West and Stevinson. *Berry*, 804 F.Supp. at 137. During discovery related to his motion for attorney fees, Reynolds obtained Stevinson's counsel's billing records. Reynolds contends these records are newly discovered evidence which warrants reconsideration of my finding that Stevinson's retaliation was not malicious, willful, and in gross disregard of his rights.

■ Newly discovered evidence which in the exercise of due diligence could not have been discovered in time to make a motion for a new trial under Rule 59(b) may warrant relief from judgment. Fed.R.Civ.P. 60(b)(2). To obtain relief from judgment under Fed. R.Civ.P. 60(b)(2) Reynolds must demonstrate that: (1) the evidence was newly discovered since the trial; (2) he was diligent in discovering the new evidence; (3) the newly discovered evidence is not merely cumulative or impeaching; (4) the newly discovered evidence is material; and (5) a new trial with the newly discovered evidence would probably produce a different result. *Graham v. Wyeth Laboratories*, 906 F.2d 1399, 1416 (10th Cir.), *cert. denied*, 498 U.S. 981, 111 S.Ct. 511, 112 L.Ed.2d 523 (1990). Although Reynolds mentions that his reconsideration motion is brought under Fed.R.Civ.P. 60(b)(3) and 60(b)(6) also, he makes only passing reference to these provisions and does not argue seriously that relief is warranted under them. Therefore, I treat his Rule 60(b) motion as one for relief from judgment based on newly discovered evidence.

■ Counsel's billing records reveal numerous contacts between Stevinson's counsel and the Jefferson County District Attorney's Office regarding Reynolds' forgery and theft prosecution. Reynolds argues that these records demonstrate that Stevinson's counsel aggressively pressured the district attorney to prosecute Reynolds and obtain a felony conviction. Reynolds argues that counsel's persistent pressure and inordinate interest in Reynolds' criminal prosecution demonstrate that Stevinson maliciously, willfully, and in gross disregard of Reynolds' rights retaliated against Reynolds.

Reynolds could have discovered this information before trial through the exercise of reasonable diligence. Most of the time en-

tries reflect contacts between Stevinson's counsel and the district attorney's office or Jefferson County Sheriff's Office investigator. Any information communicated between Stevinson's counsel and the prosecuting authorities could have been uncovered before the instant trial by interviewing the responsible deputy district attorneys and investigators. Also, Reynolds should have known that the prosecuting authorities would have been a good source of information regarding Stevinson's contacts with the prosecuting authorities because one of his defenses to the criminal charges was Stevinson's alleged improper influence over the prosecution. Before and during Reynolds' criminal trial Reynolds was aware that Stevinson's counsel was monitoring all court proceedings. At the time of Reynolds' criminal trial Reynolds' counsel remarked upon the keen interest demonstrated by Stevinson and his counsel in Reynolds' criminal prosecution. At the time of his criminal trial Reynolds was suspicious of Stevinson's association with and involvement in the prosecution. This information placed Reynolds on notice that a deeper inquiry into Stevinson's association with the prosecuting authorities was required. Upon conclusion of Reynolds' prosecution, Reynolds should have inquired of the prosecuting authorities regarding Stevinson's involvement in the prosecution. Any information that Reynolds now claims is newly discovered could have been obtained by interviewing the prosecuting authorities. Accordingly, Reynolds fails to demonstrate that the information contained in the billing records regarding Stevinson's alleged malice, willfulness, and gross disregard of Reynolds' rights could not have been discovered through the exercise of due diligence before trial.

Furthermore, even if I consider this information it would not change my findings and conclusions. All of this information must be considered in light of the testimony of the district attorneys who prosecuted Reynolds. Frank Oldham (Oldham), a senior deputy district attorney for Jefferson County, handled the early stages of the prosecution and made the decision to file forgery and theft charges against Reynolds. (Oldham affidavit ¶¶ 1 and 3.) Dennis Hall (Hall), also a senior deputy district attorney for Jefferson Coun-

ty, conducted Reynolds' criminal trial. Both deny that Stevinson, Stevinson's counsel, or any of Stevinson's employees had any improper influence over Reynolds' prosecution. (Oldham affidavit ¶¶ 2, 4, 8, 10, and 12; Hall affidavit ¶¶ 2 and 6.) Oldham made an independent decision to prosecute Reynolds based on the documentation in his file and discussions with his investigator. (Oldham affidavit ¶ 4.) Furthermore, Oldham's contacts with Stevinson's counsel regarding Reynolds' possible plea was in keeping with his practice to consult with all interested parties before offering a plea agreement. (Oldham affidavit ¶ 7.) Oldham considered Stevinson to be the victim of Reynolds' alleged forgery because he was the principal owner of Denver West Bank and Trust. (Oldham affidavit ¶ 7.) Denver West Bank and Trust not only cashed the check when Reynolds presented it for payment, but had to make good on it when Szekula complained that Reynolds had forged his signature. *Berry,* 804 F.Supp. at 130. Stevinson, as principal owner of Denver West Bank and Trust, was the person most interested in the alleged forgery. Therefore, it was not unusual for Oldham to solicit comments from Stevinson's lawyers regarding any plea offer. Given both prosecutors' testimony it is unlikely that Reynolds' evidence would change my finding that Stevinson did not act maliciously, willfully, and in gross disregard of Reynolds' rights when he retaliated against Reynolds.

These billing records also reveal Stevinson's counsel's contacts with the Colorado Licensing Board regarding the possible revocation of Reynolds' license to sell cars and discussion concerning whether Stevinson should file a complaint against Reynolds for certain alleged unethical conduct. Reynolds contends that these contacts are further evidence of Stevinson's malicious and willful retaliation against him. Stevinson's counsel denies that they initiated this investigation or improperly influenced it. (John Husband affidavit ¶¶ 20 and 21; Brian M. Mumaugh affidavit ¶ 18.) Even if this information is newly discovered, when considered in conjunction with Stevinson's counsel's testimony

and the rest of the evidence, it is not strong enough to change the result.

Reynolds also makes much of the time devoted by Stevinson's counsel to investigate forgery allegations against Patricia Holly, one of Reynolds' listed witnesses. Another time entry reflects that Stevinson's counsel spent time discussing the guardian ad litem situation of one of Reynolds' witnesses, Lupe Stevinson. Reynolds speculates that these time entries prove that Stevinson's counsel was harassing his witnesses. This hypothesis is speculative. Even if this information is newly discovered it is not probative enough to change the result.

Reynolds' newly discovered evidence either could have been discovered before trial of the instant action through the exercise of reasonable diligence or is not strong enough to warrant a finding that Stevinson maliciously, willfully, or in gross disregard of Reynolds' rights retaliated against him. Reynolds' Rule 60(b) motion will be denied.

## II.

Berry and Reynolds request prejudgment interest on their damage awards. Their request, however, is untimely. Judgment initially entered in this action on September 24, 1992. I denied Berry's and Carter's timely filed post-trial motions on January 25, 1993. On March 30, 1993 I awarded Berry and Reynolds attorney fees of $324,894.00. The clerk entered an amended judgment to reflect this attorney fee award on April 1, 1993. On April 9, 1993 Berry and Reynolds filed a motion requesting an award of prejudgment interest.

■ The decision to grant prejudgment interest on a Title VII or section 1981 money damages judgment is committed to a district court's discretion. *United States v. Lee Way Motor Freight*, 625 F.2d 918, 940 (10th Cir. 1979); *Cooper v. Cobe Laboratories, Inc.*, 743 F.Supp. 1422, 1435 (D.Colo.1990). An award of discretionary prejudgment interest is part of the merits of the court's decision. *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 176, 109 S.Ct. 987, 992, 103 L.Ed.2d 146 (1989); *McNickle v. Bankers Life and Casualty Co.*, 888 F.2d 678, 682 (10th Cir.1989). Accord-

ingly, a post-judgment motion for discretionary prejudgment interest should be brought pursuant to Fed.R.Civ.P. 59(e). *Osterneck*, 489 U.S. at 176, 109 S.Ct. at 992; *McNickle*, 888 F.2d at 682. A Rule 59(e) motion must be filed within ten days after the entry of judgment. Fed.R.Civ.P. 59(e). Because Berry and Reynolds failed to file their motion for discretionary prejudgment interest within ten days after entry of judgment on September 24, 1992 their motion is untimely.

■ The April 1, 1993 amendment of the judgment to reflect an award of attorney fees is of no aid to Berry and Reynolds. Unlike an award of costs or attorney fees, an award of discretionary prejudgment interest goes to the merits of a court's decision. *Osterneck*, 489 U.S. at 175, 109 S.Ct. at 991. Accordingly, a motion requesting prejudgment interest must be filed under Rule 59(e) within ten days after a judgment on the merits enters. *Osterneck*, 489 U.S. at 176, 109 S.Ct. at 992. An award of attorney fees is collateral to the main cause of action, and requires an inquiry separate from a decision on the merits. *Osterneck*, 489 U.S. at 174, 109 S.Ct. at 990 (quoting *White v. New Hampshire Dept. of Employment Security*, 455 U.S. 445, 451–452, 102 S.Ct. 1162, 1166, 71 L.Ed.2d 325 (1982)). It follows, therefore, that any amendment of the judgment to grant costs and attorney fees is collateral to the main cause of action. An amendment of the judgment to reflect an award of costs and attorney fees does not revive the ten day time period to file a Rule 59(e) motion for discretionary prejudgment interest. Because Berry and Reynolds failed to file their motion for discretionary prejudgment interest within ten days after a judgment on the merits entered their request for discretionary prejudgment interest is untimely.

## III.

Reynolds moves to amend the pleadings to conform to the evidence under Fed.R.Civ.P. 15(b). Reynolds seeks to add state law claims for abuse of process, malicious prosecution, and outrageous conduct. Defendants argue that because I have declined to exercise pendent jurisdiction over Reynolds' state law claims, *see Berry v. Stevinson Chevrolet*,

744 F.Supp. 1034 (D.Colo.1990), Reynolds is foreclosed from adding these claims.

Reynolds original complaint stated a Title VII claim for discriminatory discharge and state law claims for intentional interference with contractual relations, intentional interference with prospective business advantage, and outrageous conduct. On September 5, 1990 Reynolds filed a motion for leave to amend his complaint to add a Title VII retaliation claim and a host of state law claims. Before ruling on Reynolds' motion for leave to amend his complaint, I declined to exercise pendent jurisdiction over Reynolds' pending state law claims and, therefore, dismissed them without prejudice. *Berry,* 744 F.Supp. at 1036. On September 25, 1990 I granted Reynolds leave to file an amended complaint conforming with my prior rulings. *Berry v. Stevinson Chevrolet,* slip op. No. 90–B–916 (D.Colo. September 25, 1990). On October 5, 1990 Reynolds filed an amended complaint which stated only Title VII discriminatory discharge and retaliation claims. The amended complaint omitted all state law claims.

My decision to decline pendent jurisdiction over Reynolds' state law claims extended to his *pending* and unassented state law claims. Reynolds understanding of this fact is evidenced by omission of all state law claims from this October 5, 1990 amended complaint. Because I have declined to exercise pendent jurisdiction over his state law claims he may not assert these claims now.

Accordingly, IT IS ORDERED that

(1) Reynolds' motion for reconsideration of certain findings of fact and conclusions of law under Fed.R.Civ.P. 60(b) is denied;

(2) Berry's and Reynolds' motion for prejudgment interest is denied;

(3) Reynolds' motion to amend the pleadings to conform to the evidence is denied; and

(4) defendants' request for sanctions in their August 10, 1993 response is denied.