888 F.2d 678
 15 Fed.R.Serv.3d 330
 Ramona McNICKLE, Administratrix of the Estates of Glenn R.
McNickle, Deceased, and David R. McNickle,
Deceased; and Ramona McNickle,
individually, Plaintiffs-Appellants,
v.
BANKERS LIFE AND CASUALTY COMPANY, a corporation, Defendant-Appellee.
 No. 88-2237.
 United States Court of Appeals,
Tenth Circuit.
 Oct. 30, 1989.
 
 Glen Mullins and Kenneth G. Cole of Abel, Musser, Sokolosky & Clark, Oklahoma City, Okl., for plaintiffs-appellants.
 Larry E. Joplin and Richard C. Ford of Crowe & Dunlevy, Oklahoma City, Okl., for defendant-appellee.
 Before McKAY, SEYMOUR, and TACHA, Circuit Judges.
 PER CURIAM.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 The plaintiffs appeal from the district court's order which reflected the court's denial of the "Plaintiffs' Motion for Court to Order Defendant to Pay Prejudgment Interest" brought pursuant to Fed.R.Civ.P. 60(a). We reverse the district court's judgment and remand the case for further proceedings.
 
 
 3
 The defendant issued a group insurance certificate which covered the plaintiffs' decedents. The decedents died on January 9, 1981, in a helicopter crash. The defendant denied coverage and this litigation ensued.
 
 
 4
 The plaintiffs filed their complaint on January 24, 1985. For relief, they requested $165,000.00 (the amount of coverage provided by the insurance policy), attorney's fees, interest, and costs. On August 28, 1985, the district court granted the plaintiffs' motion for summary judgment as to the issue of the policy's coverage of decedent David McNickle and awarded $15,000.00 to the plaintiffs on that claim. On March 19, 1986, the court decided, on stipulated facts, that decedent Glenn McNickle was also within the coverage of the policy. On this claim, the court awarded the plaintiffs $150,000.00 "with interest thereon as provided by law." By an order entered April 9, 1986, the court awarded attorney's fees to the plaintiffs in the amount of $7,378.00.
 
 
 5
 The defendant appealed from the grant of partial summary judgment, the entry of judgment, and the award of attorney's fees. Apparently, we treated the district court's March 19, 1986, judgment as the final judgment for purposes of both the $15,000.00 and $150,000.00 awards. We affirmed the district court's decision in an unpublished order and judgment. McNickle v. Bankers Life and Casualty Co., No. 86-1620, (10th Cir. March 3, 1988). Shortly after the defendant had filed its notice of appeal in No. 86-1620, the plaintiffs filed a "Motion to Set Supersedeas Bond." The plaintiffs moved for a bond in the amount of $400,000.00. They reckoned that the present value of their judgment was $300,000.00 because the provisions of Okla.Stat. tit. 36, Sec. 3629(B) (supp.1986) entitled them to prejudgment interest on the $165,000.00 at the rate of fifteen percent per annum from on or near the date of the decedents' deaths.[1] Presumably, the additional $100,000.00 was to account for any entitlement to post-judgment interest. The defendant did not respond to the motion for supersedeas bond, and the court, on October 22, 1986, deemed the motion confessed. Soon thereafter, the defendant submitted a supersedeas bond in the amount of $400,000.00.
 
 
 6
 On April 5, 1988, following our decision in No. 86-1620 and the return of the mandate to the district court, the plaintiffs filed their Rule 60(a) motion. The plaintiffs referred to the court's award of interest in the March 19, 1986, judgment and again cited specifically to Sec. 3629(B) as the authority pursuant to which the prejudgment interest must be awarded.
 
 
 7
 The district court denied the motion and found that it was impossible from the record to determine the date from which the defendant's liability for prejudgment interest commenced. The court concluded that such a "substantive, adjudicatory determination" could have only been appropriately determined at trial. The court held that the omission involved was more than a mere clerical error that could be remedied pursuant to Rule 60(a).
 
 
 8
 We review a district court's ruling on a Rule 60(a) motion under an abuse of discretion standard. See Blanton v. Anzalone, 813 F.2d 1574, 1577 (9th Cir.1987). A clear example of an abuse of discretion is where the trial court fails even to consider either an applicable legal standard or the facts upon which the exercise of its discretionary judgment is based. See, e.g., Park County Resource Council, Inc. v. United States Dep't of Agriculture, 817 F.2d 609, 617 (10th Cir.1987); Hustler Magazine, Inc. v. United States Dist. Court, 790 F.2d 69, 70-71 (10th Cir.1986).
 
 
 9
 Because jurisdiction in this case is based upon diversity of citizenship, state law governs matters of substance while federal law dictates the disposition of procedural issues. Budinich v. Becton Dickinson & Co., 807 F.2d 155, 158 (10th Cir.1986), aff'd, 486 U.S. 196, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988). The issue of possible entitlement to prejudgment interest is governed by state law. See Casto v. Arkansas-Louisiana Gas Co., 562 F.2d 622, 625 (10th Cir.1977) (applying Okla.Stat. tit. 12, Sec. 727 (1971)).
 
 
 10
 The district court erred in two ways. First, the court mischaracterized the plaintiffs' Rule 60(a) motion as an original request for prejudgment interest. Actually, the plaintiffs had requested relief in the form of "interest" in their complaint. This original generic reference to interest encompasses all interest, both pre- and post-judgment. The plaintiffs further put the court and the defendant on notice of their specific claim to prejudgment interest under Sec. 3629(B) through their supersedeas bond motion.[2]
 
 
 11
 The second error involved the court's finding that no date certain could be determined from the trial record from which the defendant's liability for prejudgment interest could be deemed to have begun. Section 3629(B) establishes the interest period, "from the date the loss was payable pursuant to the provisions of the contract to the date of the verdict." The important issue in this case is whether the date on which the loss was payable can be discovered and, if so, what was that date. This date may be determined from a joint reading of the "Stipulated Facts" filed on September 12, 1985, and a copy of the insurance policy. Both these documents were before the district court prior to its judgment. The parties stipulated that "plaintiff properly and timely filed a claim with Bankers Life." See Stipulated Facts, p. 5 (emphasis added). From the section of the policy entitled "Notice and Proof of Claim" we learn that the plaintiffs had ninety days after the date of the loss--January 9, 1981--to furnish affirmative proof of loss to the defendant. Thus, the parties stipulated that the plaintiffs did file their proof of claim, at the latest, ninety days following the accident--April 9, 1981. The policy states within the section entitled "Payment of Claim" that "payment will be made immediately upon receipt of due proof." Hence, April 9, 1981, is the date from which the loss was payable within the meaning of Sec. 3629(B).
 
 Rule 60(a) provides as follows:
 Relief From Judgment or Order
 
 12
 (a) Clerical mistakes
 
 
 13
 Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.
 
 
 14
 Rule 60(a) may be relied on to correct what is erroneous because the thing spoken, written, or recorded is not what the person intended to speak, write, or record. Allied Materials Corp. v. Superior Prods. Co., 620 F.2d 224, 226 (10th Cir.1980). Rule 60(a) may not be used to change something that was deliberately done, Security Mut. Casualty Co. v. Century Casualty Co., 621 F.2d 1062, 1065 (10th Cir.1980), even though it was later discovered to be wrong. Allied Materials, 620 F.2d at 226. A correction under Rule 60(a) should require no additional proof. See, e.g., Trujillo v. Longhorn Mfg. Co., 694 F.2d 221, 226 (10th Cir.1982).
 
 
 15
 The award of prejudgment interest, whether discretionary or mandatory, by a federal court is an act which serves to remedy the injury giving rise to the underlying action and in that sense is part of the merits of the court's decision. Osterneck v. Ernst & Whinney, --- U.S. ---- n. 3, 109 S.Ct. 987, 992 n. 3, 103 L.Ed.2d 146 (1989). A post-judgment motion for prejudgment interest should be brought pursuant to Fed.R.Civ.P. 59(e). Id. 109 S.Ct. at 991-92. A Rule 60(a) motion may not be used to alter the rate of prejudgment interest because that would call into question the substantive correctness of the judgment rather than remedy a clerical error or omission. See Dalton v. First Interstate Bank, 863 F.2d 702, 704 (10th Cir.1988); accord, Elias v. Ford Motor Co., 734 F.2d 463, 466 (1st Cir.1984).
 
 
 16
 The district court, by the terms of its March 19, 1986, judgment, intended to award interest as provided by law. The pertinent law here, Sec. 3629(B), requires the award of prejudgment interest. By their Rule 60(a) motion, the plaintiffs essentially requested the court to insert the omitted particulars of the prejudgment interest award. This was neither an original post-judgment request for prejudgment interest nor a request that the amount due to them be changed in any way. Rule 60(a) specifically addresses the problem of omissions in judgments. If a court's judgment states that interest is to be "according to law" but the rate is not specified, the court may specify, in response to a Rule 60(a) motion, the appropriate rate at any time. See United States v. Griffin, 782 F.2d 1393, 1396 (7th Cir.1986) (citing United States v. Kenner, 455 F.2d 1, 5-6 (7th Cir.1972)).
 
 
 17
 We conclude that the district court's misapprehension of the record and its consequent failure to apply the applicable state interest statute constitutes an abuse of discretion.
 
 
 18
 The judgment of the United States District Court for the Western District of Oklahoma is REVERSED, and the case is REMANDED for the calculation and award of prejudgment interest from the defendant to the plaintiffs. Fifteen percent simple interest per year will be assessed on the $165,000.00 judgment.
 
 
 
 [1]
 Okla.Stat. tit. 36, Sec. 3629(B) (supp.1986) reads as follows:
 Forms of proof of loss; offer of settlement or rejection of claim
 B. It shall be the duty of the insurer, receiving a proof of loss, to submit a written offer of settlement or rejection of the claim to the insured within ninety (90) days of receipt of that proof of loss. Upon a judgment rendered to either party, costs and attorney fees shall be allowable to the prevailing party. For purposes of this section, the prevailing party is the insurer in those cases where judgment does not exceed written offer of settlement. In all other judgments the insured shall be the prevailing party. If the insured is the prevailing party, the court in rendering judgment shall add interest on the verdict at the rate of fifteen percent (15%) per year from the date the loss was payable pursuant to the provisions of the contract to the date of the verdict. This provision shall not apply to uninsured motorist coverage.
 (Emphasis added.)
 
 
 [2]
 The plaintiffs claim a right to prejudgment interest under two other statutes as well--Okla.Stat. tit. 36, Sec. 4030.1(B) entitled Forms to establish proof of death and interest of claimant; interest on proceeds; payment of proceeds; time; exemptions and Okla.Stat. tit. 36, Sec. 4112(A) (1981), entitled Payment of proceeds; time; exemptions. These statutes are inapplicable. The pertinent language of both statutes is virtually identical and reads as follows:
 An insurer shall pay the proceeds of any benefits under [group] life insurance policy not more than thirty (30) days after the insurer has received proof of death of the insured. If the proceeds are not paid within this period, the insurer shall pay interest on the proceeds, at a rate which is not less than the current rate of interest on death proceeds on deposit with the insurer, from the date of death of the insured to the date when the proceeds are paid. Payment shall be deemed to have been made on the date a check, draft or other valid instrument which is equivalent to payment was placed in the U.S. mails in a properly addressed, postpaid envelope; or, if not so posted, on the date of delivery of such instrument to the beneficiary.
 Bracketed word included in Sec. 4112(A)--otherwise same text as Sec. 4030.1(B).
 Section 4030.1(B) clearly is not relevant to this case as it is found within Article 40 of the Oklahoma Insurance Code, which does not control in matters concerning group life insurance contracts. See Okla.Stat. tit. 36, Sec. 4001. Section 4112(A) does govern the payment of proceeds on group insurance policies. Although Secs. 4112(A) and 3629(B) can be literally read as directing payment of separate forms of interest under the same circumstances, we conclude that such a construction is improper. The two statutes impose different interest obligations on an insurer for late payment. It is unreasonable to penalize an insurer twice in this manner for the same conduct. The distinction between the statutes is that Sec. 4112(A) does not contemplate the protracted pursuit of litigation that Sec. 3629(B) does. The interest assessment of Sec. 4112(A) is less severe than that imposed by Sec. 3629(B), reflecting the relative degree of inconvenience or hardship to the insured. When statutes on the same subject are conflicting, they must be construed to give force and effect to each, as it will not be presumed that the legislature intended by the enactment of the later statute to repeal the earlier statute, unless it has done so in express terms. Beavin v. State ex rel. Dep't of Public Safety, 662 P.2d 299, 302 (Okla.1983). The court should endeavor to resolve the conflicts between statutes by reasonably construing them so that they appear harmonious and logical. See id. We think our construction of these statutes satisfactorily resolves their conflict.