**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 7 2004**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

In re: CHERYL ANN POLAND,

Debtor.

_____

CHERYL ANN POLAND,

Plaintiff-Appellee,

v.

EDUCATIONAL CREDIT
MANAGEMENT CORPORATION,

Defendant-Appellant,

and

EQUIFAX ACCOUNTS
RECEIVABLE; and TGA, Inc.

Defendants.

No. 02-3020

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(D.C. No. 01-CV-1154-WEB)

Submitted on the briefs:

N. Larry Bork of Goodell, Stratton, Edmonds & Palmer, L.L.P., Topeka, Kansas,
for Defendant-Appellant.

Garry L. Howard of Slape & Howard, Chartered, Wichita, Kansas, for Plaintiff-Appellee.

---

Before **KELLY** and **BALDOCK** , Circuit Judges, and **BRORBY** , Senior Circuit Judge.

---

**BRORBY** , Circuit Judge.

---

Generally speaking, a Chapter 13 bankruptcy debtor is relieved of her debts following completion of the bankruptcy plan; in other words, the debts are discharged. 11 U.S.C. § 1328(a). There are, however, exceptions to discharge, including a student-loan debt. *Id.* §§ 1328(a)(2); 523(a)(8). But there is also an exception to this exception: if excepting a student loan debt from discharge would impose an undue hardship on the debtor and the debtor's dependents, the debt will be discharged. *Id.* § 523(a)(8). In *Andersen v. UNIPAC-NEBHELP (In re Andersen)* , 179 F.3d 1253 (10th Cir. 1999), we held that, where the debtor's plan contained an express finding of undue hardship, the creditor's failure to object to confirmation barred its attempt to collect the debt because the plan with its finding of undue hardship was res judicata. Unlike the factual scenario in *Andersen* , it was not established in this bankruptcy that excepting the student-loan debt from discharge would impose undue hardship on the debtor.

As a result, the debt was not discharged, and, consequently, we reverse the district court's order upholding discharge of the debt. [1]

## Background

Ms. Poland filed for Chapter 13 bankruptcy relief in 1993. Her bankruptcy plan stated that she disputed the validity and amount of her student-loan debt and that if a proof of claim was filed on the debt, the debtor would object. It also stated that if no timely proof of claim was filed, "the claim shall be deemed discharged in its entirety upon completion of the Plan." Aplt. App. at 5. The plan was confirmed. A claim on the student-loan debt was filed one day after the proof-of-claim filing deadline, and the untimely claim was disallowed by the bankruptcy court. Thereafter, the bankruptcy court entered an order of discharge and final decree in January 1999. There was no appeal from the discharge order.

Some time after the discharge order, Educational Credit Management Corporation (ECMC), assignee of the student loan debt, attempted to collect payment on the debt. Ms. Poland then reopened the bankruptcy and filed an adversary proceeding to determine whether the student loan debt had been discharged. The bankruptcy court cited our decision in *Andersen* as controlling

---

[1]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

and held that because the unchallenged plan and discharge order stated that the student-loan debt was discharged, the issue of discharge was res judicata. The district court affirmed the bankruptcy court's decision, also relying on *Andersen*. ECMC timely appealed.

## Applicability of *In Re Andersen*

On appeal, ECMC argues that *Andersen* is distinguishable and should not control the outcome in this case because here, unlike in *Andersen*, there is no language in the plan or discharge order establishing a finding of undue hardship. In *Andersen*, the debtor included the following language in her Chapter 13 plan:

> Pursuant to 11 U.S.C. § 532(a)(8), excepting the aforementioned education loans from discharge will impose an undue hardship on the debtor and the debtor's dependents. Confirmation of debtor's plan shall constitute a finding to that effect and that said debt is dischargeable.

179 F.3d at 1254. The plan was confirmed without timely objection and the creditor did not appeal the confirmation order. The debtor completed all payments under the plan and was granted a discharge. Shortly thereafter, the creditor began requesting payment of the student loan debt and the debtor reopened her bankruptcy proceeding to determine the dischargeability of the debt.

The bankruptcy court in *Andersen* determined that the student loans were not dischargeable because there was no judicial determination of undue hardship. The Bankruptcy Appellate Panel (BAP) reversed. Upon review by this court, we

-4-

acknowledged that "a debtor must normally prove undue hardship by bringing an adversary proceeding directed to that issue," but we stated that "[t]he real issue here is not whether [the debtor] properly met her burden of proving an undue hardship, which she clearly did not, but whether confirmation of the plan constitutes a binding adjudication of hardship." *Id.* at 1256. Relying on earlier Tenth Circuit precedent we stated: "'[u]pon becoming final, the order confirming a chapter 13 plan represents a binding determination of the rights and liabilities of the parties as ordained by the plan. Absent timely appeal, the confirmed plan is res judicata and its terms are not subject to collateral attack.'" *Id.* at 1258-59 (quoting *United States v. Richman (In re Talbot)*, 124 F.3d 1201, 1209 (10th Cir. 1997)). Based on that principle, and given the specific plan language, we concluded that "the order of confirmation is res judicata as to the issue of hardship." *Id.* at 1259.

We went on to explain that, contrary to the creditor's argument, giving res judicata effect to the provision in the plan did not turn an expressly nondischargeable debt into a dischargeable debt. Distinguishing two cases involving discharge of a tax debt, *DePaolo v. United States (In re DePaolo)*, 45 F.3d 373 (10th Cir. 1995), and *Grynberg v. United States (In re Grynberg)*, 986 F.2d 367 (10th Cir. 1993), we explained that *Andersen*:

> does not represent an attempt to transform a debt which remained
> nondischargeable throughout the plan period into a dischargeable

debt at the conclusion of the period. Rather, unlike the tax cases, *the finding of undue hardship in the confirmed plan changed the nature of the debt into a dischargeable debt.*

*Id.* at 1260 (emphasis added). Because the plan included language that established a finding of undue hardship, the student loan debt had become a dischargeable debt. We concluded by emphasizing that the *Andersen* holding did not lessen the debtor's burden of proof on the issue of undue hardship, and we limited the holding to the particular facts of that case. *See id.*

Though there are many similarities between this case now before us and *Andersen*, there is one all-important difference: this confirmed plan made no mention of undue hardship, let alone established its existence. Instead, in this case, the plan stated only the fact, the amount and the disputed nature of the student loan debt and that if no proof of claim was filed by the creditor, the "claim shall be discharged in its entirety." Aplt. App. at 5. In affirming the bankruptcy court, the district court indicated that it did not matter what the plan language or discharge order said, but instead that ECMC failed to timely object:

> In sum, then, if a creditor fails to make a timely objection 'it cannot later complain about a certain provision contained in a confirmed plan, even if such a provision is inconsistent with the Code.' *Andersen*, 179 F.3d at 1258. The same reasoning applies with equal force to the plan in the instant case, notwithstanding the absence of any finding of undue hardship. The plan and discharge order provided for the discharge of the student loans in question.

*Id.* at 69-70.

ECMC argues that the district court in this case is expanding *Andersen* "so that a plan would not even have to state a premise that, if true, would otherwise allow discharge." Aplt. Br. at 8. ECMC asserts that the "plan language on its face doesn't state a sufficient basis for discharge and therefore the student loan debt should not be discharged." *Id.* We agree. *Andersen* rests on the fact that confirmation of the plan, to which there was no objection, amounted to a binding adjudication of undue hardship thereby turning a nondischargeable debt into a dischargeable debt. *Andersen*, 179 F.3d at 1260.

The district court also held that the res judicata holding of *Andersen* also applied to the discharge order, which discharged all debts in the plan except for student loans "in any case in which discharge is granted prior to October 1, 1996." Aplt. App. at 11. Because Poland's discharge was granted after October 1, 1996, the district court held that her student loan was discharged under the language of the order. On appeal, ECMC argues that this language was mistakenly retained in the discharge order even though it was irrelevant and archaic because the sunset provision to which it related was revoked in 1992. Relying on *Andersen* again, the district court found that because ECMC failed to object to the order, it was now final and ECMC was bound by its provisions.

The discharge order cannot, however, be the basis for discharging the student loan debt for the same reasons that the plan language in this case does not

establish discharge.  Because neither the plan nor the discharge order in this case

contain any type of finding of undue hardship, we hold that *Andersen* does not

apply and that the student loan debt is not discharged.[2]  We continue to

emphasize, as we did in *Andersen*, that the proper way to discharge a student loan

debt is through an adversary proceeding where the debtor establishes undue

hardship.  Accordingly, the judgment of the district court is REVERSED.

---

[2]      The panel is of the view that *Andersen* was wrongly decided and should be
reconsidered.  The unfortunate result of *Andersen* is that astute attorneys
now insert student loan discharge language (after today, complete with a finding
of undue hardship) into Chapter 13 plans hoping to achieve preclusive effect,
notwithstanding: (1) Bankruptcy Code § 528(a)(8) explicitly precludes the
discharge of a debtor's student loan absent a showing of undue hardship,
(2) Bankruptcy Rules specifically require a successful adversary proceeding,
complete with individualized service of process, to establish undue hardship and
discharge a student loan, and (3) lack of required notice under the Bankruptcy
Rules proscribes preclusive effect.  *See In re Banks*, 299 F.3d 296,
300-303 (4th Cir. 2002) (Baldock, J., sitting by designation).