**In re Timothy James NELSON and Shannon Deanne Nelson, Debtor.**

**Educational Credit Management Corporation, Plaintiff— Appellant,**

v.

**Timothy James Nelson, Defendant— Appellee.**

**BAP No. KS–04–017. Bankruptcy No. 98–41327–13. Adversary No. 03–7025.**

United States Bankruptcy Appellate Panel of the Tenth Circuit.

Dec. 14, 2004.

Craig R. Welling (Scott M. Browning with him on the brief) of Rothgerber Johnson & Lyons LLP, Denver, Colorado (N. Larry Bork of Goodell Stratton Edmonds & Palmer, L.L.P., Topeka, Kansas, with them on the brief), for the Plaintiff—Appellant.

John R. Hooge, Lawrence, Kansas, for the Defendant—Appellee.

Before CORNISH, MICHAEL, and THURMAN, Bankruptcy Judges.

## OPINION

THURMAN, Bankruptcy Judge.

Educational Credit Management Corporation (ECMC) timely appeals a final Judgment entered by the United States Bankruptcy Court for the District of Kansas discharging the debtors' student loan debt remaining unpaid after completion of their confirmed Chapter 13 Plan.[1] The parties have consented to this Court's jurisdiction because they have not elected to have the appeal heard by the United States District Court for the District of Kansas.[2] For the reasons stated below, the bankruptcy court's Judgment is REVERSED.

## I. *Background*

The debtors filed a Chapter 13 petition on May 5, 1998. They scheduled ECMC's predecessor in interest (who will be referred to as "ECMC") as a creditor, holding a general unsecured claim against both of them for unpaid student loans.

The Chapter 13 Plan originally proposed by the debtors stated, in relevant part, that:

*SPECIAL CLASS CREDITORS:* Three classes:

. . . .

(3) School loans that are non-dischargeable in chapter 7 case. To be paid 10% of debt, along with all other unsecured creditors (see "General Unsecured Creditors".[] ] Such payment, upon completion of plan, will result in discharge of all school loans, including any accrued interest and collection costs. School loans composed of: . . . $19,429 approx.

. . . .

SPECIAL NOTES:

If there is a special class for which 100% payment is not proposed, it is the intention and understanding of the debtor(s) that any remaining balance for any claim in this class remains, upon completion of the plan, a non-dischargeable obligation of the debtor(s).[3]

Prior to confirmation of this proposed Plan, the debtors amended it to delete the "Special Notes" provision, stating that it "contradicts other language of the Plan and [is] incorrect" (Amended Plan).[4] The Amended Plan, therefore, clarified the debtors' intent to discharge the unpaid balance of their student loan debt under the Amended Plan. This Amended Plan and a notice of confirmation hearing were served on ECMC, but ECMC did not object to confirmation of the Amended Plan. During this same period of time, however, ECMC filed a proof of claim, asserting a general unsecured claim in the amount of $20,200.14.

---

**1.** 28 U.S.C. § 158(a)(1); Fed. R. Bankr.P. 8002(a).

**2.** 28 U.S.C. § 158(b)-(c); Fed. R. Bankr.P. 8001(e).

**3.** Chapter 13 Plan at 2–3, Appellant's Appendix at 298–99.

**4.** Amendment of Plan, Appellant's Appendix at 308.

On October 12, 1998, the bankruptcy court entered an Order confirming the debtors' Amended Plan (Confirmation Order). ECMC, who was served with the Confirmation Order, did not appeal it, or timely request that it be revoked.

The debtors completed payments required under their Amended Plan in 2002. ECMC was paid approximately $2,020.01 through the Amended Plan. On September 27, 2002, the bankruptcy court entered a "Discharge Order," granting the debtors a discharge pursuant to 11 U.S.C. § 1328(a).[5] Contrary to the Amended Plan, the Discharge Order states, in accordance with § 1328(a), that the debtors' unpaid student loan debt was exempt from discharge.

In March 2003, several years after the bankruptcy court entered its Confirmation Order and several months after entry of the Discharge Order, ECMC filed a motion to amend the Confirmation Order pursuant to Federal Rule of Civil Procedure 60(b) to omit the provisions discharging the debtors' unpaid student loan debt (ECMC Rule 60(b) Motion).[6] The debtors objected to the ECMC Rule 60(b) Motion,

and moved to amend the Discharge Order pursuant to Federal Rule of Civil Procedure 60(a) to recognize the discharge of their unpaid student loans authorized in the Confirmation Order (Debtor Rule 60(a) Motion).[7] ECMC objected to the Debtor Rule 60(a) Motion.

ECMC also commenced an adversary proceeding against the debtor-husband, seeking a declaration as to the dischargeability of the student loan debt, incorporating the arguments made in conjunction with the ECMC Rule 60(b) Motion.[8] The debtor-husband answered ECMC's Complaint, asserting in a "Counter–Complaint" that the Confirmation Order discharged the unpaid student loans. Ultimately, the parties filed Stipulations of Fact to govern the disposition of the adversary proceeding, and briefs were filed.

The bankruptcy court entered a Judgment in the adversary proceeding in favor of the debtors, stating "that the student loan debt owed to ECMC has been discharged."[9] In a separate Memorandum and Order, the court granted the Debtor Rule 60(a) Motion and denied the ECMC Rule 60(b) Motion.[10] Applying *Andersen*

---

**5.** Unless otherwise stated, all statutory references in the text are to title 11 of the United States Code.

**6.** Federal Rule of Civil Procedure 60(b) is made applicable in bankruptcy cases by Federal Rule of Bankruptcy Procedure 9024.

**7.** Federal Rule of Civil Procedure 60(a) is made applicable in bankruptcy cases by Federal Rule of Bankruptcy Procedure 9024.

**8.** The debtor-husband is the only named defendant in ECMC's adversary proceeding, despite the fact that the debtors scheduled student loan debt to ECMC as a joint debt. The bankruptcy court's Judgment, which disposes of the ECMC Rule 60(b) Motion and the Debtor Rule 60(a) Motion, is in favor of both debtors. While this Court cannot presume jurisdiction over a non-party below, we as-

sume that the debtor-wife was a party below by way of her participation in the Debtor Rule 60(a) Motion, and objection to the ECMC Rule 60(b) Motion.

**9.** Judgment on Decision at 1, Appellant's Appendix at 419.

**10.** *Educ. Credit Mgmt. Corp. v. Nelson (In re Mersmann)*, 305 B.R. 42 (Bankr.D.Kan.2004). This Memorandum and Order contains findings of fact and conclusions of law related to the Judgment entered in the debtor's case, captioned above, as well the Judgments entered in three other Chapter 13 cases involving similar facts and issues. *Educ. Credit Mgmt. Corp. v. Boyer (In re Boyer)*, Bankr.No. 96–42993–13, Adv. No. 02–7141, 2004 WL 2896940 (Bankr.D.Kan.); *In re Seiwert*, Bankr.No. 96–43032–13, 2004 WL 2896942 (Bankr.D.Kan.); *In re Mersmann*, 318 B.R.

*v. UNIPAC–NEBHELP (In re Andersen),*[11] the bankruptcy court held that ECMC could not collaterally attack the final Confirmation Order, which authorized the discharge of the debtors' student loan debt as set forth in their Amended Plan. It also corrected the Discharge Order to reflect the discharge of the unpaid student loan debt. This appeal followed.[12]

## II. *Discussion*

 Section 523(a)(8) states that student loan debts are nondischargeable, unless excepting them from discharge "will impose an undue hardship on the debtor and the debtor's dependents."[13] This provision is expressly "self-executing" and, therefore, "[u]nless the debtor affirmatively secures a[n undue] hardship determina-

tion," the student loan debt is excepted from discharge.[14] To obtain an "undue hardship" determination under § 523(a)(8), the debtor must file a complaint against the holder of the student loan debt, and prove "undue hardship" by a preponderance of the evidence.[15]

 . While these procedures for obtaining a § 523(a)(8) "hardship discharge" are well-established,[16] some Chapter 13 debtors (such as the debtor in this case, the debtors in the Related Debtors Cases, and numerous others)[17] have attempted to circumvent them by obtaining confirmation of plans containing provisions discharging student loans at confirmation or completion. These debtors contend that such plan provisions are supported by *Ander-*

---

537, 2004 WL 2896633 (Bankr.D.Kan.2004) [hereinafter referred to collectively as the "Related Debtor Cases"].

**11.** 179 F.3d 1253 (10th Cir.1999).

**12.** ECMC also appealed the Judgment entered by the bankruptcy court in each of the Related Debtor Cases. The bankruptcy court's Judgment in two of the Related Debtor Cases is reversed for the same reasons stated in this Opinion. *Educ. Credit Mgmt. Corp. v. Boyer (In re Boyer),* BAP No. KS–04–015, 2004 WL 2896940 (10th Cir. BAP filed Dec. 14, 2004); *In re Seiwert,* BAP No. KS–04–016, 2004 WL 2896942 (10th Cir. BAP filed Dec. 14, 2004). In the third Related Debtor Case, *In re Mersmann,* we have entered concurrently herewith an Opinion affirming the bankruptcy court's Judgment. 318 B.R. 537, BAP No. KS–04–018 (10th Cir. BAP filed Dec. 14, 2004). Unlike this debtor's case or the other two Related Debtor Cases, the discharge clause in the confirmed plan in *Mersmann* contained a "finding of undue hardship" and, therefore, under *Andersen,* 179 F.3d at 1256, that finding was binding on ECMC. *See Poland v. Educ. Credit Mgmt. Corp. (In re Poland),* 382 F.3d 1185, 1189 (10th Cir.2004) & discussion *infra.*

**13.** 11 U.S.C. § 523(a)(8); *see id.* § 1328(a)(2) (discharge under § 1328(a) applies to debts

except those of the kind specified in § 523(a)(8).)

**14.** *Tenn. Student Assistance Corp. v. Hood,* 541 U.S. 440, 124 S.Ct. 1905, 1912, 158 L.Ed.2d 764 (2004).

**15.** Fed. R. Bankr.P. 4007(a)-(b) (debtor entitled to file a complaint to determine dischargeability of a debt at any time) & 7001(6) (dischargeability of debt determined in adversary proceeding); *Poland,* 382 F.3d at 1189 (adversary proceeding required, and debtor has burden to prove "undue hardship"); *Andersen,* 179 F.3d at 1256 (same); *Mersmann,* 318 B.R. at 541; *see generally Educ. Credit Mgmt. Corp. v. Polleys,* 356 F.3d 1302 (10th Cir.2004) (discussing elements of "undue hardship"); *In re Woodcock,* 45 F.3d 363 (10th Cir.1995) (debtor has burden to prove "undue hardship"); *Alderete v. Educ. Credit Mgmt. Corp. (In re Alderete),* 308 B.R. 495 (10th Cir. BAP 2004) (discussing elements of "undue hardship," and debtor has burden of showing by preponderance of the evidence).

**16.** *See, e.g., Andersen,* 179 F.3d at 1256 ("a debtor must normally prove undue hardship by bringing an adversary proceeding directed to that issue"), *quoted in Poland,* 382 F.3d at 1187; *see generally supra* n. 15 (citing controlling case law).

**17.** *See supra* n. 10.

*sen.*[18] In *Andersen,* the Court of Appeals for the Tenth Circuit applied principles of *res judicata* and policies favoring finality of confirmation orders to uphold an uncontested plan provision discharging a student loan debt as an "undue hardship," even though the Chapter 13 debtor never established "undue hardship" in an adversary proceeding. Although *Andersen* prohibits holders of student loans from collaterally attacking certain confirmed plans improperly discharging student loan debt, as we explain in greater detail in *In re Mersmann,*[19] it is *not* a tool for Chapter 13 debtors to obtain a hardship discharge by confirmation.

We need not address the application of *Andersen* in this case. Significantly, after the bankruptcy court entered its Judgment, the Tenth Circuit issued *Poland v. Educational Credit Management Corp. (In re Poland),*[20] which severely limits the scope of *Andersen* and compels us to reverse the bankruptcy court's Judgment.

■ In *Poland,* the debtor's confirmed plan stated that if ECMC failed to file a proof of claim, " 'the claim shall be deemed discharged in its entirety upon completion of the Plan.' "[21] The Tenth Circuit held that this discharge provision did not bind ECMC because, unlike the confirmed plan in *Andersen,*[22] it was not a "finding of undue hardship."[23] Specifically, the court stated:

ECMC argues that the district court in this case is expanding *Andersen* "so that a plan would not even have to state a premise that, if true, would otherwise allow discharge." ECMC asserts that the "plan language on its face doesn't state a sufficient basis for discharge [because it does not contain a finding of undue hardship] and therefore the student loan debt should not be discharged." We agree. *Andersen* rests on the fact that confirmation of the plan, to which there was no objection, amounted to a binding adjudication of undue hardship thereby turning a nondischargeable debt into a dischargeable debt.

. . . .

Because neither the plan nor the discharge order in this case contain any type of finding of undue hardship, we hold that *Andersen* does not apply and that the student loan debt is not discharged. We continue to emphasize, as we did in *Andersen,* that the proper way to discharge a student loan debt is through an adversary proceeding where the debtor establishes undue hardship.[24]

Accordingly, under *Poland,* a confirmed plan stating that student loan debt is discharged will not discharge such debt, unless the plan makes an express "finding of undue hardship."

Similar to the plan in *Poland,* the debtors' confirmed Amended Plan makes no

---

**18.** 179 F.3d at 1256.

**19.** 318 B.R. 537, 542, 2004 WL 2896633.

**20.** 382 F.3d 1185 (10th Cir.2004).

**21.** *Id.* at 1187 (quoting the debtor's confirmed plan).

**22.** The confirmed plan in *Andersen* stated: "Pursuant to 11 U.S.C. § 523(a)(8), excepting the aforementioned educational loans from

discharge will impose an *undue hardship* on the debtor and the debtor's dependents. *Confirmation of the debtor's plan shall constitute a finding to that effect and that said debt is dischargeable."* 179 F.3d at 1254 (emphasis added).

**23.** *Poland,* 382 F.3d at 1188.

**24.** *Id.* at 1188–89 (citations and footnote omitted).

finding of undue hardship and, therefore, it does not discharge the debtors' unpaid student loan debt.[25] Accordingly, the bankruptcy court's Judgment, discharging the debtors' student loan debt pursuant to *Andersen,* must be reversed.

### III. *Conclusion*

The bankruptcy court's Judgment is REVERSED.

**25.** The debtors, however, may file a complaint seeking to discharge their student loans pursuant to § 523(a)(8) at any time. Fed. R. Bankr.P. 4007(a)-(b); *see id.* 7001(6).