**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 11, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

CARLOS VELASQUEZ,

    Plaintiff - Appellant,

v.

STATE OF UTAH; UTAH
DEPARTMENT OF HUMAN SERVICES
AND AGENCIES; UTAH OFFICE OF
ADMINISTRATIVE HEARINGS;
DIVISION OF AGING AND ADULT
SERVICES, ADULT PROTECTIVE
SERVICES,

    Defendants - Appellees.

No. 19-4041
(D.C. No. 2:18-CV-00728-DN)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **McHUGH**, **KELLY**, and **MORITZ**, Circuit Judges.[**]
_____

Plaintiff-Appellant Carlos Velasquez appeals from the district court's

dismissal of his case as barred by the Rooker-Feldman doctrine. Exercising

jurisdiction under 28 U.S.C. § 1291, we affirm.

_____

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.
[**] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument.

**Background**

This appeal is the latest skirmish in a long-running legal battle between Mr. Velasquez and various agencies and courts of the State of Utah. The saga appears to have begun with administrative law proceedings at the Utah Department of Human Services. 1 R. 629. After the administrative proceedings concluded, he took his fight to Utah state court, where in addition to his original claims he raised new constitutional claims regarding the fairness of his administrative proceedings and challenging the constitutionality of several Utah statutes and regulations. Id. Unable to find success after exhausting his appeals in Utah state court, he sued the State of Utah and several state agencies in federal district court. Id. at 6. In federal court he once again raised his constitutional claims from state court while adding constitutional claims that the Utah Supreme Court "'sustained malice,' 'refused to clarify the constitutional question,' and 'refused to recognize evidence.'" Id. at 629 (quoting Compl. at 25).

Because Mr. Velasquez proceeded pro se and in forma pauperis (IFP), the district court construed his complaint liberally, but found the claims to be "generally confusing and difficult to decipher." Id. at 628. Ultimately, the court dismissed his complaint as barred by the Rooker-Feldman doctrine because it "to one extent or another" asked the court to review "certain decisions rendered concerning the Administrative Case by Utah administrative agencies, the Utah Third District Court, the Utah Court of Appeals, and the Utah Supreme Court." Id. at 631. Following that

order, Mr. Velasquez filed a motion for reconsideration,[1] which the district court denied. Id. at 712. The district court denied Mr. Velasquez leave to proceed on appeal IFP, certifying that the appeal was not taken in good faith because it "presents no substantial question for review" and "there is no reasonable basis for his claims of error." Id. at 728. Mr. Velasquez has renewed his motion to proceed IFP on appeal in this court.

**Discussion**

We review a district court's dismissal for lack of subject matter jurisdiction de novo, and any factual findings for clear error. Stuart v. Colo. Interstate Gas Co., 271 F.3d 1221, 1225 (10th Cir. 2001). The denial of a motion for reconsideration under Rule 59(e) is reviewed for abuse of discretion. Nelson v. City of Albuquerque, 921 F.3d 925, 929 (10th Cir. 2019).

First, Mr. Velasquez challenges the dismissal of his case. The premise of the Rooker-Feldman doctrine is that 28 U.S.C. § 1257(a) gives only the United States Supreme Court jurisdiction to review appeals from state court judgments. See Dist. of Columbia Ct. of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fid. Trust

---

[1] While Mr. Velasquez identified Federal Rule of Civil Procedure 60(a) as the basis for his reconsideration motion, that rule is usually reserved for correcting clerical errors or inadvertent mistakes. See McNickle v. Bankers Life and Cas. Co., 888 F.2d 678, 682 (10th Cir. 1989); 11 Charles Allen Wright & Arthur R. Miller, Federal Practice & Procedure § 2854 (3d ed., April 2019 update) ["Wright & Miller"]. Instead, Rule 59(e) is the mechanism typically used to correct a substantive error in a court's legal determination after judgment has been entered. See Nelson, 921 F.3d at 928–29; Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000); 11 Wright & Miller § 2810.1. Accordingly, for purposes of this appeal we construe his motion as one under Rule 59(e).

Co., 263 U.S. 413 (1923). By negative inference, inferior federal courts lack subject matter jurisdiction to hear appeals from state court. Mo's Express, LLC v. Sopkin, 441 F.3d 1229, 1233 (10th Cir. 2006). The scope of the doctrine, however, is narrow. Rooker-Feldman only bars federal district courts from hearing cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). Where the relief requested would necessarily undo the state court's judgment, Rooker-Feldman deprives the district court of jurisdiction. Mo's Express, 441 F.3d at 1237.

In Mr. Velasquez's case, he appears to challenge decisions by the Utah state courts reviewing his state administrative law appeal. He claims that the Utah state courts violated his constitutional rights in the course of that litigation and seems to seek reversal of decisions he lost on the merits. This is precisely the type of suit that Rooker-Feldman prevents federal district courts from hearing. Having already raised his various objections in state court and failed, Mr. Velasquez has now "repaired to federal court to undo the [state-court] judgment" against him. Exxon, 544 U.S. at 293. If he wants to receive federal review of his constitutional claims from Utah court, his only remedy is an appeal to the United States Supreme Court. The district court properly dismissed this action for lack of subject matter jurisdiction.

Second, Mr. Velasquez challenges the district court's denial of his motion for reconsideration. We review such a denial for an abuse of discretion, and a district

4

court only abuses its discretion when its decision was "arbitrary, capricious, whimsical, or manifestly unreasonable." Nalder v. West Park Hosp., 254 F.3d 1168, 1174 (10th Cir. 2001) (internal quotation marks omitted). Here, Mr. Velasquez's motion was impermissibly overlong and entirely "without merit." 1 R. 712–13. The district court did not abuse its discretion by denying a motion that raised no new arguments and did not reveal any defect in the court's original decision. See Nelson, 921 F.3d at 929–30; Servants, 204 F.3d at 1012.

Finally, we deny Mr. Velasquez's motion to proceed IFP; he has not advanced a rational argument on the law and facts to warrant such status. See DeBardeleben v. Quinlan, 937 F.2d 502, 505 (10th Cir. 1991).

AFFIRMED. All pending motions are DENIED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge

5